IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MARK EDWARD VODICKA, ) | |
| ) | CASE NO. BK10-82357-TJM |
| Debtor(s).  ) | A10-8068-TJM |
| JULIE A. VODICKA, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| MARK EDWARD VODICKA, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 16) and resistance by the debtor-defendant (Fil. No. 23). The debtor is unrepresented in this case. Duane M. Katz represents the plaintiff. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The parties were formerly married to each other and have two minor children together. The parties separated in August 2009, and Ms. Vodicka filed a petition for dissolution of the marriage in the District Court of Douglas County, Nebraska, in November 2009. A temporary order for relief was filed on January 12, 2010, regarding custody of the children, payment of expenses concerning the children, and the award of the parties' residence and vehicles. The temporary order noted that both parties intended to file bankruptcy, so their debts were not addressed.

Both parties did file Chapter 7 petitions thereafter. Ms. Vodicka received a discharge of her debts on May 17, 2010. Mr. Vodicka received a discharge of debts other than the debts at issue in this lawsuit on December 13, 2010. Ms. Vodicka filed this adversary proceeding asserting that certain obligations owed by Mr. Vodicka pursuant to the temporary order are non-dischargeable under 11 U.S.C. § 523(a)(5) and (a)(15). She has now moved for summary judgment in the case.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); <u>see, e.g.</u>, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party

only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1078–79 (8th Cir. 2008). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The relevant provisions of the temporary order are as follows:

c) <u>TEMPORARY CHILD SUPPORT</u>: The Defendant shall pay to the Plaintiff, through the Nebraska Child Support Payment Center . . . the sum of one hundred dollars ($100.00) per month as child support for the minor children of the parties, and said support to commence December 1, 2009, and to continue to be due on the first day of each month, thereafter, until further Order of the Court.

d) <u>CHILDCARE</u>: The parties shall share, equally, all work related childcare incurred by either party on behalf of the minor children of the parties. Both parties shall pay their portion to the childcare provider directly when payments are due.

e) <u>HEALTH INSURANCE</u>: The Plaintiff shall continue to carry the Defendant and the minor children on health insurance during the pendency of this action. The Defendant shall pay one hundred dollars ($100.00) per month to the Plaintiff for his portion of the health insurance being December 1, 2009, and shall continue to be due on the first day of each month thereafter until further Order of the Court. The Plaintiff shall provide to the defendant, forthwith, a copy of the health insurance policy in effect, claim forms, telephone numbers, and health insurance cards, etc., to facilitate the use of this health insurance.

f) <u>UNINSURED MEDICAL</u>: The parties shall share equally all uninsured medical expenses incurred on behalf of the minor children from the date of this Order forward. The party incurring the expense shall provide copies of statements showing the date of service, service provider and any insurance coverages showing the other party's share of said uninsured expense who shall, within 14 days of receipt of said documentation, pay his or her portion to the party incurring the expense.

      k)      CHILD CUSTODY EVALUATION: The parties shall participate in a child custody evaluation with Stephanie Peterson, PhD, at Woodhaven Counseling Associates, 11319 P Street, Omaha, Nebraska, 68137, with each party being responsible for 50% of any uninsured portion.

Temporary Order, at 3-5 (Attachment 3 to Fil. No. 18).

The paragraph on health insurance was modified by a court order filed on May 7, 2010, to remove Mr. Vodicka from Ms. Vodicka's health insurance coverage:

      e)      HEALTH INSURANCE: The plaintiff shall continue to carry the minor children on health insurance during the pendency of this action. The Plaintiff shall provide the Defendant a copy of the health insurance policy in effect, claim forms, telephone numbers, and health insurance cards for the minor children, etc. to facilitate Defendant's use of health insurance for the minor children.

Modification of Temporary Order (Attachment 4 to Fil. No. 18).

Ms. Vodicka asserts that Mr. Vodicka's share of daycare and medical expenses for the children, as well as his portion of the cost of the court-ordered child custody evaluation, remain unpaid and should be excepted from discharge as domestic support obligations under § 523(a)(5) or as the type of debt related to the break-up of the family as contemplated by § 523(a)(15).

Section 523 of the Bankruptcy Code excepts from discharge debts for domestic support obligations (§ 523(a)(5)) and any debt

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record[.]

§ 523(a)(15).

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
    (A) owed to or recoverable by –
        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
        (ii) a governmental unit;
    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the

>   debtor or such child's parent, without regard to whether such debt is expressly so designated;
>   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>   (i) a separation agreement, divorce decree, or property settlement agreement;
>   (ii) an order of a court of record; or
>   (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to expand the protections for those whom the debtor is obligated to support.

Under the Bankruptcy Code as it existed prior to October 2005, bankruptcy courts used to have to distinguish between support obligations and property settlements, because the dischargeability of such debts was treated differently. See the prior versions of 11 U.S.C. § 523(a)(5) and (15); Williams v. Williams (In re Williams), 703 F.2d 1055, 1056 (8th Cir. 1983) (whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law). Courts were to look at the parties' intent and the function the award was intended to serve at the time of the divorce. Moeder v. Moeder (In re Moeder), 220 B.R. 52, 55 (B.A.P. 8th Cir. 1998) (citing Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995); Adams v. Zentz, 963 F.2d 197, 200 (8th Cir. 1992); Williams, 703 F.2d at 1056; Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir. 1984)).

Now, however, the distinction between property settlements and support obligations is irrelevant for purposes of dischargeability.[1] The changes wrought by BAPCPA render all debts owed to a former spouse pursuant to a divorce decree non-dischargeable. Hon. William Houston Brown, Bankruptcy and Domestic Relations Manual § 1:3(b) (2006) ("Essentially, the combination of section 523(a)(5) and (15) excludes from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless[.]"). See also Douglas v. Douglas (In re Douglas), 369 B.R. 462 (Bankr. E.D. Ark. 2007):

>   Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in individual cases under chapters 7 and 11 and in cases under chapter 12, all of which base dischargeability on the subsections of section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a

---

[1] The distinction remains important for establishing the priority of a debt, as domestic support obligations have first priority. § 507(a)(1).

> marital relationship is of no practical consequence in determining the dischargeability of the debt.

369 B.R. at 465 (quoting Tracy v. Tracy (In re Tracy), 2007 WL 420252 at *2-3 (Bankr. D. Idaho Feb. 2, 2007)).

Exceptions from discharge for spousal and child support deserve a liberal construction, and the policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor, even if the support obligation is owed directly to a third party. Phegley v. Phegley (In re Phegley), 443 B.R. 154, 158 (B.A.P. 8th Cir. 2011).

The costs for daycare, health care, and the custody evaluation are the types of debts for the support of a debtor's children that were contemplated by legislators in making such debts non-dischargeable in bankruptcy. See Moeder, 220 B.R. at 55 (debtor's share of his child's medical and psychological expenses are non-dischargeable under § 523(a)(5) because they were intended to serve the function of support); Morgan v. Woods (In re Woods), 309 B.R. 22 (BAnkr. W.D. Mo. 2004) (children's medical costs constituted support); Albaugh v. Barnard (In re Barnard), 349 B.R. 238 (Bankr. D. Id. 2006). It is not clear that Mr. Vodicka was ordered to pay any portion of the health insurance premium for the children, but if he was, that debt would be non-dischargeable as well. Scholl v. McLain (In re McLain), 241 B.R. 415 (B.A.P. 8th Cir. 1999) (debtor's contribution to children's health care expenses was in lieu of child support payments and clearly was in the nature of support).

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal procedural rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); Fed. R. Bankr. P. 1001. In the present case, the debts and expenses which the district court ordered Mr. Vodicka to pay are in the nature of support for his family and are not dischargeable under the Bankruptcy Code. This finding resolves the adversary proceeding, leaving no reason to hold a trial. The amounts owed by Mr. Vodicka can be determined by the judge handling the dissolution proceedings.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 16) is granted. Separate judgment will be entered.

DATED:      June 9, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
Mark Edward Vodicka        *Duane M. Katz
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.